CITY COLLECTORS, LTD., *v.* ROBERT
MALDONADO also known as ROBERT R.
MALDONADO and LEWERS & COOKE, INC.

No. 4658.

January 24, 1968.

Richardson, C.J., Mizuha, Marumoto,
Abe and Levinson, JJ.

*Per Curiam.* On October 14, 1963, City Collectors, Ltd.,
plaintiff-appellant, obtained a judgment in the District Court
of Honolulu against Robert Maldonado, defendant. On Decem-
ber 23, 1965, an original garnishee summons issued by the court
was served upon Lewers & Cooke, Ltd., garnishee appellee, pres-
ent employer of Robert Maldonado. Prior to December 23, 1965,
and pursuant to Sec. 237-5[1] of the Revised Laws of Hawaii, 1955,
Lewers & Cooke, Ltd., had received 4 transfer garnishments
relating to Robert Maldonado. By transfer garnishment, we refer

---

[1]Section 237-5, RLH 1955 provides:

"Successive sequestration of wages, upon change of employment. When-
ever any judgment debtor has left the employ of any garnishee, against
whom an order has duly issued, before the full amount of the judgment
has been paid, and has entered the employment of some other person, or
of the Territory or any political subdivision thereof, then the judgment
creditor may sequester any wages due the judgment debtor from such new
employer by filing with such person, or the respective government auditor
a certified copy of the judgment and an affidavit of the judgment creditor,
showing the amount remaining due and unpaid on account of the judg-
ment.

"Thereafter, such new garnishee shall proceed to pay the same percent-
age of wages as required in an original garnishment, on the balance of the
judgment, from week to week or month to month, until the balance due,
with legal interest, is fully paid; or until such employment of the judg-
ment debtor ceases."

to the garnishment of wages due to a judgment debtor from a new employer upon the filing by the judgment creditor with such new employer of a certified copy of the judgment and an affidavit showing the amount remaining due and unpaid under the judgment.

Lewers & Cooke, Ltd., contends, and the District Magistrate held that the transfer garnishments which were received by it before the plaintiff's original garnishee summons was served on it took precedence under Section 237-5 and 237-6,[2] RLH 1955, over the original garnishment by City Collectors, Ltd. City Collectors contends that its garnishment, being an original garnishment, took precedence over all transfer garnishments, regardless of times of service, filing or notice to the garnishee. We agree with the contention of the garnishee, Lewers & Cooke, Ltd.

Section 237-5 was adopted to eliminate the necessity of a new court order and personal service in the event that a judgment debtor changed employers. One of the reasons was to eliminate the added cost to the judgment debtor of new orders and additional services. The mere fact that transfer garnishments under the statute may be enforceable only by a separate civil action rather than by contempt proceedings does not render it ineffectual. Nor does the fact that original garnishment orders are enforceable by contempt proceedings render such orders superior in the eyes of the Court.

We hold that the trial court did not err in holding that transfer garnishments and original garnishments have equal legal standing and that the priority of payment will be determined solely on the basis of the time of receipt by the garnishee.

The judgment is affirmed.

*Samuel Landau* for plaintiff.

*Richard B. W. Ing* (*Rice* and *Lee* of counsel) for defendant.

*Samuel A. B. Lyons* (*Pratt, Moore, Bortz & Case* of counsel) for garnishee-appellee.

---

[2]Section 237-6 provides:

"The provisions of Section 237-5 shall extend to successive persons and to the Territory or any political or municipal subdivision thereof, other than the original garnishee, employing the judgment debtor, until the judgment debt has been fully discharged."